UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                                                    21-CR-44 (JPO)

JOSEPH FALU,                                                           ORDER
                                    Defendant.

J. PAUL OETKEN, District Judge:

On April 30, 2026, Joseph Falu filed a motion, *pro se*, pursuant to 18 U.S.C.

§ 3582(c)(2), for a reduction of his sentence.  (ECF No. 50.)  Falu seeks a reduction pursuant to

Amendment 821 to the United States Sentencing Guidelines, which went into effect on

November 1, 2023, and applies retroactively.

"In determining whether, and to what extent, a reduction in the defendant's term of

imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the

amended guideline range that would have been applicable to the defendant if" Amendment 821

"had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).  A

reduction of sentence is not authorized if Amendment 821 does not lower the defendant's

applicable Guidelines range.  *See id.* § 1B1.10(a)(2).  U.S.S.G. § 1B1.10(b)(2)(A) then provides

that, absent an exception not relevant here, "the court shall not reduce the defendant's term of

imprisonment . . . to a term that is less than the minimum of the amended guideline range

determined under subdivision (1) of this subsection."

As relevant here, Part A of Amendment 821 alters a provision of the Guidelines that

applies additional criminal history "status points" for those who committed the offense while

subject to a criminal justice sentence.  *See* U.S. Sentencing Guidelines Manual § 4A1.1(e) (U.S.

Sentencing Comm'n 2023).  Part B of Amendment 821 provides that a defendant who does not

1

have any criminal history points and who meets other specified criteria is entitled to a two-level reduction of his offense level.  *Id*. § 4C1.1; *see also United States v. Carrasquillo*, No. 21-CR-173, 2024 WL 3488094, at *1 (S.D.N.Y. July 19, 2024).

In light of the foregoing, Falu is ineligible for a reduction in his sentence because his Guidelines range remains the same.  Falu notes that he received additional criminal history points for an offense committed while on supervised release for a previous offense.  (ECF No. 50.)  But even with Part A's adjustment, Falu's Total Offense Level does not change and he remains in Criminal History Category VI.  (*See* ECF No. 45 at 16.)  He therefore is not eligible for a reduction under Part A.  Moreover, while Part B of Amendment 821 creates a provision that provides a two-level downward adjustment in offense level for those who have zero criminal history points and meet other criteria, Falu has more than zero criminal history points, rendering him ineligible for a reduction under Part B.  (*Id*.)  As a result, Falu is not eligible for a sentence reduction under Amendment 821 because his Guidelines range remains the same.

For the foregoing reasons, Falu's motion is DENIED.

The Clerk of Court is directed to mail a copy of this Order to Falu at the address listed in his filing at Docket Number 50.

SO ORDERED.

Dated:  May 19, 2026
     New York, New York

_____
J. PAUL OETKEN
United States District Judge

2